## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

CLEMENT BERNARD,

       Plaintiff,

v.                                                    Civil Action No. 3:22-CV-00928-K

THE CITY OF MESQUITE, TEXAS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant the City of Mesquite's Partial Motion to Dismiss (the "Motion" or the "Partial Motion to Dismiss"), Doc. No. 5, Plaintiff's Response to Defendant's Motion to Dismiss (the "Response"), Doc. No. 12, and Defendant's Reply in Support of Its Partial Motion to Dismiss (the "Reply"), Doc. No. 13. Having carefully considered the Motion, the Response, the Reply, the associated briefs, the applicable law, and Plaintiff's Complaint, Doc. No. 1, the Court **GRANTS in part and DENIES in part** the Motion.

## I.    Background

Clement Bernard ("Plaintiff") was employed by the City of Mesquite (the "City" or "Defendant") as an electrical inspector from February 2017 to October 2, 2020, when he was allegedly constructively discharged. Doc. No. 1 ¶ 9. Plaintiff claims that he was retaliated against after complaining about his office's tolerance of smoking—an

1

activity purportedly prohibited by the City. *Id.* at 2-7, 10-12. Plaintiff also alleges, *inter alia*, that he endured disability and race-based harassment. *Id.* at 3, 5-9, 11-15.

Plaintiff filed this suit on April 26, 2022, alleging claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e17, the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654, and 42 U.S.C. §§ 1981 and 1983. Doc. No. 1 at 10-15. Plaintiff also advances a state law tort claim for intentional infliction of emotional distress. *Id.* at 15. On August 22, 2022, Defendant filed its Fed. R. Civ. P. 12(b)(6) Partial Motion to Dismiss. Doc. No. 6.

## II.     Standard for Dismissal Under Rule 12(b)(6)

In considering a Rule 12(b)(6) motion, a court must determine whether the plaintiff has sufficiently stated a claim upon which relief may be granted. A well-pleaded complaint must allege facts upon which the claims are based and not merely recite the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The facts must be sufficiently alleged such that the "claim has facial plausibility" and is not merely "possible". *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff pleads a claim with facial plausibility when the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable." *Id.* In other words, the alleged facts must nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff."

*Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). The Court does not, however, "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). The Court must generally determine a motion to dismiss for failure to state a claim based solely on the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

III.  **Analysis**

A. ***Claims One and Three***

First, Defendant motions the Court to dismiss Plaintiff's first claim as duplicative of Plaintiff's third claim. Doc. No. 6 at 8. Plaintiff disagrees and argues that its first claim "is analogous to a case of strict liability in common law." Doc. No. 12 at 2. According to Plaintiff:

> The City of Mesquite had a smoking ordinance (Ordinance No. 4039) that bans smoking in buildings owned by the City of Mesquite, including places of employment. . . . Prior to Plaintiff's making complaints about his co-workers and supervisors smoking and vaping in the office and company vehicles, Defendant was already violating Mr. Bernard's rights under the ADA, by having an environment in which these activities were permitted.

> Then, after Plaintiff began to complain, Defendant further discriminated against Plaintiff, on the basis of his disability (allergies and smoke induced asthma), by doing absolutely nothing to eliminate the smoking and vaping.

*Id.* Based on his Response, it appears that Plaintiff is attempting to distinguish these two claims temporally: The first claim relates to the alleged lack of anti-smoking enforcement *before* Plaintiff complained to his supervisors, and the third claim relates to Defendant's failure to accommodate Plaintiff's disability *after* Plaintiff complained about the smoking and vaping violations. But this is not at all apparent from the face of the Complaint. Even in his Response, Plaintiff fails to coherently articulate how his "rights under the ADA" were allegedly violated before he complained to his supervisors. Doc. No. 12 at 2; *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."). Plaintiff cites no case law to stand for the proposition that "The City of Mesquite is strictly liable [under the ADA] for its employees violating its own non-smoking law, with or without notice." Doc. No. 12 at 4. If Plaintiff is attempting to argue that his allergies—the only disability alleged to exist prior to Plaintiff's complaints to his supervisors—resulting limitations, and the necessary reasonable accommodations were "open, obvious, and apparent to the employer," *Taylor v. Principal Fin. Grp. Inc.*, 93 F.3d 155, 165 (5th Cir. 1996), Plaintiff fails to state a claim because he does not plead sufficient facts in support. *See* Doc. No. 1 ¶ 60. In other words, Plaintiff fails to plead *how* his allergies and their resulting limitations were so open, obvious, and apparent such that his initial decision not to identify his disability

4

was justified. *See Taylor*, 93 F.3d at 165. The Court therefore **GRANTS** Defendant's Motion as to Plaintiff's first claim and **DISMISSES** it without prejudice to repleading.

### B. *Claim Two*

The Court **DENIES** Defendant's Motion as to Plaintiff's ADA disability-based harassment claim.

### C. *Claim Five*

The Court **DENIES** Defendant's Motion as to Plaintiff's Title VII hostile work environment claim.

### D. *Claim Six*

Plaintiff's sixth claim—"Count Six – Retaliation"—is as follows:

> Plaintiff engaged in activity protected by Title VII, the ADA, and FMLA policy, namely *complaining to supervisors about the smoking and vaping in the office*, taking FMLA leave and *asking his coworkers to follow the nonsmoking ordinance*; Defendant took adverse employment actions against Plaintiff by ceasing communications with him, giving him less favorable assignments, failing to provide equipment and training for his assignments, reducing the level of work assignments he was given, and constructively discharging Plaintiff, and a causal connection exists between that protected activity and the adverse employment actions taken against Plaintiff.

> After engaging in FMLA-protected activity, Defendant took adverse employment actions against Plaintiff as described in the above paragraph, and Defendant would not have taken the adverse employment actions against Plaintiff but for his engaging in FMLA-protected activity.

Doc. No. 1 ¶¶ 72-73 (emphasis added). As Defendant notes, Plaintiff appears to allege retaliation theories under Title VII, the ADA, and the FMLA. Doc. No. 6 at 11. Defendant does not move to dismiss Plaintiff's FMLA retaliation claim. *Id.* at 11-12;

Doc. No. 12 at 9; Doc. No. 13 at 5-6. Also, because "Plaintiff agrees with Defendant's assertion that his claim for ADA Retaliation has already been stated in his first Count IV," Doc. No. 12 at 8, the Court **DISMISSES** the second ADA retaliation claim as duplicative of the first. Accordingly, only the Title VII retaliation claim remains to be analyzed.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on an individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII's antiretaliation provision, 42 U.S.C. § 2000e-3(a), prohibits an employer from discriminating against an employee or job applicant for engaging in a "protected activity." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). A "protected activity" under Title VII is defined as "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Id.* (citing 42 U.S.C. § 2000e-3(a)). Thus, "To establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007).

Arguing that "Plaintiff's complaint is devoid of allegations that he engaged in a protected activity under Title VII," Defendant primarily challenges the first prong of this test. Doc. No. 6 at 12. The Court agrees—"complaining to supervisors about the

smoking and vaping in the office" is not an activity protected by Title VII. Doc. No. 1 at 12. Plaintiff offers no argument to the contrary. The Court therefore **GRANTS** Defendant's Motion as to Plaintiff's Title VII retaliation claim and **DISMISSES** it without prejudice to repleading.

### E.  *Claim Seven*

Defendant motions the Court to dismiss Plaintiff's § 1981 claim because "Section 1981 does not provide for a claim against a local governmental entity such as the City of Mesquite." Doc. No. 6 at 12. Plaintiff offers no argument in support of his § 1981 claim in his Response.

Here, Plaintiff attempts to allege an *independent* cause of action against the City under § 1981. Doc. No. 1 ¶ 6 ("This is an action under Title 42 U.S.C. Section 2000e et. seq., 42 U.S.C. Section 1981 to correct unlawful employment practices on the basis of race. Plaintiff *also* sues under Section 1983, which provides a remedy to persons who have been deprived of their federal rights under color of state law. Plaintiff *also* sues for disability discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182.") (emphasis added).  However, § 1981 does not provide an independent cause of action against local government entities. *Oden v. Oktibbeha Cnty. Miss.*, 246 F.3d 458, 462-65 (5th Cir. 2001) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-35 (1989) ("[T]he express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981

when the claim is pressed against a state actor.")). Thus, the Court **GRANTS** Defendant's Motion as to Plaintiff's § 1981 claim and **DISMISSES** it without prejudice to repleading via the proper procedural vehicle.

### F. *Claim Eight*

A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a person of her constitutionally protected rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *see Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) ("[A] plaintiff must show the deprivation of a federally protected right caused by an action taken 'pursuant to an official policy.'"). The unconstitutional conduct the plaintiff complains of "must be directly attributable to the municipality through some sort of official action or imprimatur[.]" *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) ("[T]here must be both municipal culpability and causation."). A municipality's liability cannot rest on the theory of *respondeat superior* as "isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id.* "[U]nder § 1983, local governments are responsible only for their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotations omitted). Accordingly, "it is far more difficult for [a] plaintiff to establish municipal liability . . . than to establish individual liability." *Ayers v. City of Holly Springs*, Civ. Action No. 3:05-CV-75, 2006 WL 2943295, at *4 (N.D. Miss. Oct. 13, 2006).

To successfully establish municipal liability under § 1983, "[the] plaintiff must identify: '(1) an official policy (or custom), of which, (2) a policymaker can be charged

with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom.'" *Valle*, 613 F.3d at 541-42 (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir, 2002)); *see Monell*, 436 U.S. at 694. The first element, an official policy or custom, is defined as:

1. A policy, statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employee, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)(en banc); *see James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009). "Unlike a 'policy', which comes into existence because of the top-down affirmative decision of a policymaker, a custom develops from the bottom-up. Thus, the liability of the municipality for customary constitutional violations derives not from its creation of the custom, but from its tolerance of or acquiescence in it." *Britton v. Maloney*, 901 F. Supp. 444, 450 (D. Mass. 1995) (Gertner, J.). As for the second element, "[a]ctual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority." *Webster*, 735 F.2d at 841; *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 125 (1988) (the policymaker with the actual or constructive knowledge must have "the responsibility for making law or setting policy in any given area of a local government's business."). To satisfy the

third prong, the "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff fails to allege the existence of "an official policymaker with actual or constructive knowledge of the constitutional violation [that] acted on behalf of the municipality." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010) (citing *Cox v. City of Dallas, Tex.*, 430 F.3d 734, 748-49 (5th Cir. 2005). Plaintiff names several individuals in his Complaint, but he does not allege that any of them were policymakers or had policymaking authority. In his *Response*, Plaintiff names the City Council, but he does not allege that they had actual or constructive knowledge of any violation of any federally protected right redressable by § 1983. Doc. No. 12 at 9-10. Because Plaintiff fails to state a claim for this reason alone, the Court need not address the other deficiencies with the § 1983 claim. The Court **GRANTS** Defendant's Motion as to Plaintiff's § 1983 claim and **DISMISSES** it without prejudice to repleading.

## G. *Claim Nine*

Plaintiff alleges a state tort claim for intentional infliction of emotional distress ("IIED"). Doc. No. 1 ¶ 85. Defendants asks the Court to Dismiss Plaintiff's IIED claim pursuant to its governmental immunity from intentional torts. Doc. No. 6 at 15-16. In his Response, Plaintiff cites a single case involving the propriety of an IIED claim against Wal-Mart. Doc. No. 12 at 10-11.

It is well established under Texas law that, as a subdivision of the state, a Texas municipality is not liable in tort unless its immunity is waived by the Texas Tort Claims Act ("TTCA"), Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021-101.109. *Jackson v. Sheriff of Ellis Cnty., Tex.*, 154 F. Supp. 2d 917, 921 (N.D. Tex. 2001) (Fish, J.) (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994)). TTCA § 101.057(2) excludes intentional torts from the TTCA's limited waiver of sovereign immunity. IIED is an intentional tort. Pursuant to the City's governmental immunity, then, the Court does not have jurisdiction to hear this claim, and any attempt at amendment would be futile. *See Jackson v. Hunt Cnty., Tex.*, No. 3:10-CV-02373, 2011 WL 1869447, at *2-3 (N.D. Tex. May 13, 2011) (Lindsay, J.) (citing *Harris Cnty. V. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). Thus, the Court **GRANTS** Defendant's Motion as to Plaintiff's IIED claim and **DISMISSES** it with prejudice.

## H. *Claim Ten*

Defendant motions the Court to dismiss Plaintiff's constructive discharge claim because it is not a separate and independent cause of action. Doc. No. 6 at 16. Plaintiff offers no argument to the contrary in his Response. "Although constructive discharge has import in both retaliation and hostile work environment claims, it is not in itself a separate cause of action." *Bryant v. Skyline Properties, Inc.*, No. 3:05-CV-02503-G, 2006 WL 708647, at *2 (N.D. Tex. Mar. 20, 2006) (Fish, J.) (first citing *Kroll v. Disney Store, Inc.,* 899 F.Supp. 344, 347 (E.D. Mich. 1995); then quoting *Turman v. Greenville Independent School District,* No. 3:03-CV-1786-M, 2004 WL 350683, at *2 (N.D. Tex.

Jan. 27, 2004) (Lynn, J.)). Thus, insofar as Plaintiff is alleging constructive discharge as a separate claim, Defendant's Motion is **GRANTED**. Plaintiff may allege constructive discharge as part of his other claims against the City, where applicable.

### I. *Exemplary Damages*

The "Damages" section of Plaintiff's Complaint does not address exemplary damages, though Plaintiff's "Prayer" requests, *inter alia*, "exemplary damages, together with interest as allowed by law." Doc. No. 1 at 16. Defendant argues that Plaintiff's claim for exemplary damages should be dismissed because Plaintiff, as a matter of law, cannot obtain exemplary damages on any of its claims. Doc. No. 6 at 16-16; Doc. No. 13 at 9. In his Response to this argument, Plaintiff cites another case against Wal-Mart. Doc. No. 12 at 11.

The Fifth Circuit has before approved of the use of 12(b)(6) to dismiss requests for exemplary damages that are unrecoverable as a matter of law. *Ozon v. Bank of Am., N.A.*, No. DR-15-CV-057-AM-VRG, 2015 WL 11545020, at *5 (W.D. Tex. Nov. 9, 2015) (citing *McBride v. Estis Well Service, L.L.C.*, 768 F.3d 382, 384, 391 (5th Cir. 2014 (en banc)). First, because it is a municipality, the City is not liable for punitive damages under the ADA or Title VII. *See Liner v. Hosp. Serv. Dist. No. 1 of Jefferson Par.*, 230 F. App'x 361, 365 (5th Cir. 2007) (citing 42 U.S.C. § 1981a(b)(1)); *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 719 (E.D. La. 2013) (citing *Oden*, 246 F.3d at 465-66); *see also Barnes v. Gorman*, 536 U.S. 181, 182 (2002) (holding that punitive damages are unavailable in private suits brought under § 202 of the ADA and § 504 of the

Rehabilitation Act). Next, because the FMLA limits recoverable damages to actual monetary losses, punitive damages are not available under the FMLA. 29 U.S.C. § 2617(a); *see Fields v. Dep't of Pub. Safety*, 911 F. Supp. 2d 373, 385 (M.D. La. 2012) (citing *Oby v. Baton Rouge Marriott*, 329 F. Supp.2d 772, 788 (M.D. La. 2004). Last, "[A] municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Thus, to the extent that Plaintiff seeks exemplary damages against the City under the ADA, Title VII, the FMLA, or § 1983, Defendant's Motion is **GRANTED**.

## IV.    Leave to Amend

When a party cannot amend a pleading as a matter of course, the party may amend only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A formal motion under Rule 15(a) need not always be filed, but the party must "give the court some notice of the nature of his or her proposed amendments" and support the request for leave to amend with "*some* specificity." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016); *accord U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("A formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought."). Rule 15 provides that leave should be freely given "when justice so requires." While leave to amend under Rule 15 should be freely given, it is "by no means automatic." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003).

The decision whether to grant or deny leave to amend a pleading is a matter within the district court's discretion. *See Thomas*, 832 F.3d at 590–91. A plaintiff who simply "tack[s] on a general curative amendment request" in response to a motion to dismiss does not provide a sufficient basis for why the court should grant leave. *Goldstein*, 340 F.3d at 254.

Plaintiff does not seek leave to amend his Complaint in his Response (or otherwise). Thus, if Plaintiff wishes to amend his Complaint, he must file a motion for leave to amend within thirty (30) days of this Memorandum Opinion and Order. Said motion must comply with the applicable Federal Rules of Civil Procedure and the Local Civil Rules, which require, among other things, that Plaintiff attach a copy of the proposed amended complaint and that Plaintiff confer with opposing counsel. Should Plaintiff choose to file a motion for leave to amend, Plaintiff is advised to avoid the style of shotgun pleading that plagues his current Complaint.

## V.      Conclusion

For the reasons discussed above, the Court **GRANTS in part and DENIES in part** Defendant's Partial Motion to Dismiss. Doc. No. 5.

Pursuant to Section IV above, Plaintiff may motion this Court for leave to amend his Complaint within thirty (30) days of this Memorandum Opinion and Order. If Plaintiff seeks said leave, his motion must comply with the applicable Federal Rules of Civil Procedure and the Local Civil Rules, including the requirements that he attach

14

a copy of the proposed amended pleading to the motion and confer with opposing counsel.

   **SO ORDERED.**

Signed February 22nd, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE